# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-0375V
### Filed: January 19, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JENNIFER REID, | * | |
| | * | Damages Decision Based on Proffer; |
| Petitioner, | * | Measles, Mumps, and Rubella ("MMR") |
| v. | * | Vaccine; Tetanus, Diphtheria, |
| | * | Acellular Pertussis ("Tdap") Vaccine; |
| SECRETARY OF HEALTH | * | Hepatitis A Vaccine; Hepatitis B |
| AND HUMAN SERVICES, | * | Vaccine; Shoulder Injury Related to |
| | * | Vaccine Administration ("SIRVA"); |
| Respondent. | * | Special Processing Unit ("SPU") |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul Brazil, Esq., Muller Brazil, LLP, Philadelphia, PA, for petitioner.*
*Lynn Ricciardella, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On April 13, 2015, Jennifer Reid filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleged that she suffered subacromial impingement, adhesive capsulitis, and bursitis that was caused in fact by the measles, mumps, and rubella (MMR) vaccine; tetanus, diphtheria, acellular pertussis (Tdap) vaccine; hepatitis A vaccine; or hepatitis B vaccine she received on May 5, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 8, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation. On January 15, 2016, respondent filed a proffer on award of compensation ["Proffer"] stating that petitioner should be awarded $120,000.00. Proffer

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.*

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $120,000.00, in the form of a check payable to petitioner, Jennifer Reid.** This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| JENNIFER REID, | ) | |
| | ) | |
| Petitioner, | ) | No. 15-375V |
| | ) | Chief Special Master Dorsey |
| v. | ) | |
| | ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.     Compensation for Vaccine Injury-Related Items:**

Respondent proffers that, based on the evidence of record, petitioner should be awarded $120,000.00. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); §15(a)(3)(A); and §15(a)(4). Petitioner agrees.

**II.     Form of the Award:**

The parties recommend that the compensation provided to petitioner, Jennifer Reid, should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

> A lump sum payment of $120,000.00 in the form of a check payable to petitioner, Jennifer Reid. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost wages, and future pain and suffering.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

ALTHEA W. DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

s/ Lynn E. Ricciardella
LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 616-4356

DATED:  January 15, 2016

2